GOTWALS, Respondent, v. CITY OF WESSINGTON SPRINGS, Appellant.

(244 N. W. 649.)

(File No. 7369.   Opinion filed October 15, 1932.)

*Chas. R. Hatch,* of Wessington Springs, for Appellant.

*C. Chris Gleim,* of Wessington Springs, and *J. H. Lammers,* of Madison, for Respondent.

PER CURIAM.   Defendant city in 1917 constructed a sewer system.   The sewage passed through a disposal device known as an Imhoff plant, and thence the water residue flowed into a meandering creek or ravine which ran across the land of plaintiff for a distance of some 1,400 feet.   Because of inadequacy of the disposal plant, solid matter passed through it, and the discharge into the creek or ravine and across land of plaintiff included not only water but actual filth and sewage.   In 1930 plaintiff instituted this action for the recovery of damages and to enjoin the further discharge of sewage upon her premises.   After the institution of the action, defendant improved its disposal plant by installation of filter beds, etc., and thereafter the discharge into the creek or

ravine consisted of water only and admittedly caused no damage to any one. Upon the trial the court below refused the injunction, inasmuch as the nuisance had already been discontinued, but awarded damages to plaintiff in the sum of $200. From this judgment defendant city has appealed, and the question is as to the sufficiency of the findings to support the judgment.

The fifth and sixth findings were as follows:

"That said Imhoff tank was, from the time of the construction of said sewerage system by the defendant to the time of the commencement of this action, the only place and method of treatment used by the defendant, that said tank was entirely inadequate to properly treat, filtrate and purify said sewerage, and the sewereage system was inadequate and improperly constructed by the defendant, in that no proper, suitable and adequate method of treatment and purification of the sewerage was used by the defendant during the time hereinbefore described in these findings, and the land adjoining said creek or ravine has become saturated with foul smelling, obnoxious substances, and the sewerage has collected and stands in the vegetation and the low places along said water course, creating a filthy, unsanitary condition along said creek, resulting in offensive and disagreeable odors and an unhealthy atmosphere about and in the vicinity of said creek, and is an injury and detriment to the value of the land of the plaintiff through which said creek meanders, and a damage to her in the sum of Two Hundred dollars ($200.00).

"VI. That the premises involved in this action are not improved, except that a portion is under cultivation; that there are no buildings on said premises and the greater portion of said premises has at all times been used as hay and pasture land; that the plaintiff suffered no damage in the rental or usable value of said premises in the past by reason of such nuisance and at all times were able to rent said premises without difficulty and received the same rental after the creation of such nuisance as before. That since the commencement of this action the defendant has constructed adequate and proper filter beds and apparatus for further and better treatment and purification of said sewerage and the sewerage now being allowed to flow into and along said creek does not and will not cause the plaintiff any additional injury, inconvenience or damage."

The court's conclusion of law thereon was: "1. That the plaintiff has suffered damages in the sum of Two Hundred Dollars ($200.00) for a period of six years next immediately preceding the commencement of this action.".

Inasmuch as plaintiff did not reside on the land in question, and is' not shown to have been affected by the offensive and disagreeable odors and unhealthy atmosphere, and since the court found that plaintiff suffered no damage in the rental or usable value of said premises, and was able at all times to rent the premises for the same price, it is clear that there could be no recovery, unless the discharge of this sewage upon the premises within the period of limitations prior to the discontinuance of the nuisance worked a permanent injury to the freehold. The elements of damage specified in finding 5, to wit, the saturation of the land with foul-smelling substances, the standing of sewage in low places, the creation of filthy and unsanitary conditions, resulting in offensive and disagreeable odors and an unhealthy atmosphere, might well be transient, and these effects might very well disappear through the operation of natural processes within a relatively short time after the discontinuance of the nuisance. If the result thereof was permanently to destroy the value of the land or a part of it, the court should so have found. The idea of permanent injury to or destruction of the freehold is also inconsistent with that portion of the sixth finding to the effect that there was no damage to the usable value of said premises.

Inasmuch as there is no specific finding of permanent injury to the freehold, and such a finding, either explicit or necessarily implied, is essential to support a recovery under the circumstances of this case, the judgment appealed from is reversed.

All the Judges concur.